C. YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
1055 West 7th Street, Suite 2280
Los Angeles, CA 90017
Tel: 213-688-2001
Fax: 213-688-2002

Attorneys for Plaintiff NEMAN BROTHERS & ASSOC., INC.

ROBERT W. CHONG, ESQ. (CSB #170450)
robertchong@doochonglaw.com
LAW OFFICES OF DOO & CHONG
2596 MISSION STREET, STE 302
SAN MARINO, CA 91108
TEL: 626-403-3332
FAX: 626-403-7733

Attorneys for Defendant SHO SHO FASHION, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY PRINTS, LLC, a New York Limited Liability Company;<br><br>Plaintiff,<br><br>vs.<br><br>SHOSHO FASHION, INC., a California Corporation; ROSS STORES, INC., a Delaware Corporation; L'PATRICIA, INC., a Texas Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-09242 RGK (ASx)<br><br>**JOINT REPORT PURSUANT TO FRCP RULE 26(f) AND LOCAL RULE 26-1**<br><br>Judge:      Hon. R. Gary Klausner<br>Location:   255 East Temple St.<br>Courtroom: 850<br>Date:       March 28, 2016<br>Time:       9:00 AM |

By and through their attorneys of record, the parties hereby submit this Rule 26(f) Joint Scheduling Report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure, Central District Local Rule 26-1, and this Court's Order setting a Scheduling Conference.

1.  SUBJECT MATTER JURISDICTION

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

2.  CHRONOLOGY OF FACTS AND FACTS IN DISPUTE

    A.  Plaintiff's Contentions

Plaintiff filed the instant action on November 30, 2015.

Plaintiff alleges that the named Defendants have, without proper authorization, copied, purchased, marketed, and/or sold among each other and to the general public as customers clothes bearing a design entitled "P11201," registered by Plaintiff with the U.S. Copyright Office (Reg. No. VA 1-879-256)(the "Disputed Goods").

    B.  Defendants' Contentions

Shosho is a re-seller of the Disputed Goods. Shosho contends that it did not design or manufacture the the Disputed Goods, and that it purchased the Disputed Goods from China and re-sells them in the U.S. with no knowledge of Plaintiff's design or of the Disputed Goods. Shosho also contends that it stopped purchasing and re-selling the Disputed Goods upon receiving Plaintiff's notification of Plaintiff's design. In addition, Shosho contends that its sales volume of the Disputed Goods is relatively small. Shosho further contends that it has little or virtually no control over the designer and manufacturer of the Disputed Goods.

Currently, Plaintiff has only served Shosho. Therefore, Shosho responds to Plaintiff's allegations and/or contentions from Shosho's perspective. Should Plaintiff

1  add any parties to this action, Shosho reserves its right to supplement its responses as
2  needed.
3
4  3.   STATEMENT OF DISPUTED POINTS OF LAW
5       The key legal issues are: whether defendants have infringed, directly or
6  indirectly, Plaintiff's copyright (Reg. No. VA 1-879-256). The key legal issues
7  disputed by Plaintiff are set forth above.
8       Defendants' Contentions
9       Shosho contends that the Disputed Goods in the case are not substantially
10 similar to Plaintiff's design. Shosho further contends that Shosho did not infringe
11 Plaintiff's design as Shosho is merely a re-seller who did not design or manufacture
12 the Disputed Goods, who had no knowledge of Plaintiff's design prior to receipt of
13 Plaintiff's notification of Plaintiff's design, and who stopped re-selling the Disputed
14 Goods upon receipt of Plaintiff's notification. Shosho also contends that it has little
15 or virtually not control of the manufacturer of the Disputed Goods. Under the
16 circumstances, Shosho contends that there is no secondary liability or will
17 infringement.
18
19 4.   MOTIONS
20      Plaintiff anticipates filing a Motion for Summary Judgment on the issue of the
21 liability of Defendants for copyright infringement. Plaintiff also anticipates filing a
22 motion to amend the complaint to add new parties.
23      Defendants' Contentions
24      Shosho anticipates filing an early Motion for Partial Summary Judgment for
25 non-infringement of copyright and/or for a Judgment on damages – as Shosho
26 contends the damages are very little.
27
28 5.   ANTICIPATED CHANGES TO PLEADINGS AND PARTIES

Plaintiff anticipates to file an amended complaint to add parties that have identified as contributing to the infringement of Plaintiff's Subject Design.

6. <u>INITIAL DISCLOSURE COMPLIANCE</u>

The parties have agreed to serve their Initial Disclosures no later than April 4, 2016.

7. <u>DISCOVERY</u>

No discovery has been propounded by either party at this time.

In accordance with Rule 26(a)(1)(C), the parties agree to serve their initial disclosures by April 4, 2016. The parties do not believe that any changes in the disclosures under Rule 26(a)(1) should be made. The parties do not believe that discovery should be conducted in phases, or otherwise be limited. The parties believe that the Federal Rules of Civil Procedure should apply with respect to the limitations and procedures for written discovery, fact depositions, and expert depositions.

The anticipated deponents include the parties, the timing of which has yet to be decided. The parties anticipate written discovery requests, including requests for admission, document requests, and interrogatories pertaining to: the facts and circumstances surrounding the copyright application, registration, and commercial use of the Subject Design and the prosecution and enforcement thereof; the alleged harm Plaintiff suffered as a result of Defendant's alleged wrongful conduct; and the advertisement, sale, offering for sale, and purchase of the infringing garment. A proposed schedule for completion of all discovery is contained in Exhibit A and attached hereto.

The parties do anticipate this case will involve the discovery of confidential commercial information and therefore intend to seek a Protective Order to address the parties' respective claims of confidentiality and trade secrets with respect to documents and information that they anticipate will be sought by way of discovery.

The parties agree that service of discovery and discovery responses and document productions shall be effectuated by email to counsel for the parties; provided the receiving party confirms receipt of the email.

8. RELATED CASES

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

9. RELIEF SOUGHT

Plaintiff cannot state a specific damage amount at this time as it has not yet obtained Defendant's documents showing the quantity of products produced, marketed, and sold by Defendants, and the amount of profits and costs that were incurred. After finishing discovery, Plaintiff will seek general/special damages, including disgorgement of profits, market damage, and/or statutory damages, as well as other damages the court may deem proper such as litigation costs, punitive damages, and permanent injunction.

10. STATUS OF CERTIFICATION OF INTERESTED PARTIES

Plaintiff has filed its Certification of Interested Parties disclosing the following entities:

1. CITY PRINTS LLS (Defendant)

2. SHOSHO FASHION, INC. (Defendant)

3. ROSS STORES, INC. (Defendant)

4. L'PATRICIA (Defendant)

11. TIMETABLE

Discovery Cut-off: December 13, 2016

Motion Hearing Cut-off: January 27, 2017

Final Pretrial Conference: March 5, 2017

Trial Date: March 13, 2017

12. <u>TRIAL ESTIMATE</u>

The parties request a jury trial and estimate a trial of no more than 4 days. Plaintiff anticipates calling 1-3 witnesses.

13. <u>SETTLEMENT/ADR</u>

The parties are discussing preliminary settlement. The parties have already participated in a mediation session, but were unable to reach a resolution. To the extent that a settlement is not reached, the parties are amenable to ADR Procedure #2—the parties shall appear before a neutral selected from the Court's Mediation Panel. The parties agree that mediation in this case shall be completed no later than 45 days prior to the final pretrial conference, consistent with Civil L.R. 16-12.5.

Furthermore, Shosho has offered to settle this case with Plaintiff based on disgorgement of its profits. Plaintiff has rejected this offer.

14. <u>MANUAL FOR COMPLEX LITIGATION</u>

The parties do not believe that the Manual for Complex Litigation should be utilized in this case.

15. <u>DISPOSITIVE MOTIONS</u>

Plaintiff anticipates filing a Motion for Summary Judgment on the issue of the liability of Defendants for copyright infringement, given that (a) Plaintiff owns a valid copyright in the Subject Design, and (b) Defendants were found to be producing, manufacturing, distributing, and/or offering for sale garments that bore a design virtually identical to Plaintiff's copyrighted design.

16. **UNUSUAL LEGAL ISSUES PRESENTED**

The parties do not anticipate any unusual substantive, procedural, or evidentiary issues.

17. **OTHER ISSUES**

The parties do not anticipate severance, bifurcation, or other ordering of proof.

Dated: March 16, , 2016                    By:         /s/ C. Yong Jeong
                                                       C. Yong Jeong
                                                       Attorney for Plaintiff Neman
                                                       Brothers & Assoc., Inc.

Dated:  March 16, 2016                     By:         /s/ Robert W. Chong
                                                       Robert Chong
                                                       Attorney for Defendant Sho Sho
                                                       Fashion, Inc.
                                                                                 a

I hereby attest that all signatories listed above, on whose behalf this notice is being submitted, concur in the filing's content and have authorized the filing.

Dated: March 21, 2016                      By:         /s/*C. Yong Jeong*
                                                       Chan Yong Jeong
                                                       Attorney for Plaintiff