C. YONG JEONG, ESQ. (SBN: 255244)
    jeong@jeonglikens.com
AMY CHOE, ESQ. (SBN 299870)
    amy.choe@jeonglikens.com
JEONG & LIKENS, L.C.
1055 West 7th Street, Suite 2280
Los Angeles, CA 90017
Tel: 213-688-2001
Fax: 213-688-2002

ATTORNEYS FOR PLAINTIFF, CITY PRINTS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY PRINTS LLC, a New York Limited Liability Company<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>SHOSHO FASHION, INC., a California Corporation; ROSS STORES, INC., a Delaware Corporation; L'PATRICIA, INC., a Texas Corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendant(s). | Case No.: 2:15-cv-09242-RGK-AS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**DATE:　　May 23, 2016**<br>**TIME:　　9:00 am**<br>**Courtroom: 850 (Roybal)** |

　　　Plaintiff City Prints, Inc. ("City Prints") hereby submits its Reply in support of its Motion for Leave to File First Amended Complaint (Docket No. 17).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Leave to amend "shall be freely given when justice so requires." Rule 15. *See* Fed. R. Civ. P. 15(a)(2). Initially, City Prints was unaware that retailers/vendors S & G APPAREL INC. ("S & G"), ILEAF STYLE CORP d/b/a 2LUV STYLE ("2LUV"), ILEAF STYLE CORP d/b/a BODILOVE ("Bodilove"), CITI TRENDS, INC ("Citi Trends"), FASHION HUB, INC. ("Fashion Hub"), GEN X ECHO B, INC. ("Gen X"), PDS ONLINE d/b/a SIMPLICITY ("Simplicity"), KOAMEX GENERAL WHOLESALE, INC. d/b/a BESTON ("Beston") were selling garments bearing its design. Justice requires that City Prints has the opportunity to add these additional defendants to protect its interests as the owner of its copyrighted design.

City Prints must also be allowed to add ROSS STORES, INC. ("Ross") and L'PATRICIA, INC. ("L'Patricia") back into the action. Ross and L'Patricia bought garments ("Infringing Garments") bearing City Prints' design from Defendant Shosho Fashion, Inc. ("Shosho") and sold them at their stores. *See* Exhibits C to Plaintiff's Complaint (Docket No 1-1). It only makes sense that these two entities are prosecuted together with Shosho, the vendor of the Infringing Garments, and other retailer Defendants that City Prints seeks to add. If not, City Prints will have to bring a separate action against Ross and L'Patricia, which will burden this Court. And this will subject Shosho to additional litigation, which is undesirable.

Shosho unfairly portrays City Prints' motion to amend the action as untimely. But City Prints brought the motion within the time limit this Court set for bringing motions to amend. And as mentioned in its Motion for Leave to Amend, it reserved the rights to amend its Complaint within the Complaint itself and also in the Rule 26(f) Joint Report. In sum, Shosho has no reasonable grounds to oppose City Prints' motion to file a first amended complaint at this early stage of the case.

Shosho's claim that City Prints never provided a copy of the proposed first amended complaint to consider a stipulation is misleading. From the beginning,

Shosho refused to stipulate to a first amended complaint and thus, City Prints had no reason whatsoever to forward a first amended complaint. And Shosho never even requested City Prints to provide one.

**II. LEAVE TO AMEND IS FREELY GIVEN AND CITY PRINTS MUST BE ALLOWED TO AMEND ITS COMPLAINT**

Leave to amend the pleadings is freely given **unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party.** *Foman* v. *Davis,* 371 U.S. 178, 182 (1962); *Sonoma County Ass'n of Retired Employees* v. *Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013).

Shosho fails to show that City Prints's motion causes undue prejudice, is brought in bad faith, or base on a dilatory motive. As mentioned on the Motion for Leave to Amend, filing the first amended complaint will not cause undue prejudice on Shosho or the new Defendants. Discovery is still in its nascent stages, where no depositions took place and the discovery cut-off remains open until September 2016. *See ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006) (holding that defendants were not prejudiced by amendment because litigation was at an early stage, and defendants were not surprised by the new factual allegations).

In particular, the first amended complaint should come as no surprise to Shosho and Ross. As mentioned in its Opposition (Docket No. 18, 3:11-12), Shosho's counsel represents both parties in the instant action; thus, while Ross was not formally served with the original Complaint, it was aware of the Complaint and the allegations made therein. And the proposed first amended complaint makes no new factual allegations against them.

Shosho also fails to show that City Prints' motion is brought in bad faith. City Prints seeks to amend the Complaint to add new Defendants who were selling garments bearing designs that infringe upon its copyrighted design. This amendment is based on evidence, such as sales receipts and invoices, that Defendants were indeed

selling the Infringing Garments. And City Prints was not even aware of the new Defendants at the time it filed the Complaint for this instant action.

Finally, Shosho cannot prove that City Prints was acting with any dilatory motive. As mentioned in the Motion for Leave to Amend, City Prints was acting diligently to resolve the case early, which would eliminate the need to amend the Complaint and even serve Ross and L'Patricia. As early as January 2016, less than two months within filing its Complaint, the Parties began scheduling mediation and on March 10, 2016, the Parties held a mediation session that was ultimately unsuccessful. At that point, City Prints asked Shosho whether it was amenable to file a Stipulation allowing City Prints to file a first amended complaint to add new defendants, which Shosho refused.

And since City Prints was planning to amend the Complaint anyway, it was not reasonable to serve Ross and L'Patricia with the original Complaint, only to amend the Complaint and re-serve them soon thereafter with the First Amended Complaint.

## III. SANCTIONS MUST BE AWARDED AGAINST SHOSHO

As demonstrated above, Shosho has no reasonable grounds to oppose to City Prints' Motion for Leave to File Amended Complaint. Shosho did not engage in meaningful L.R. 7-3 meet and confer, despite having no good grounds for opposition, and this resulted in City Prints' filing of the Motion.

And the grounds that Shosho states for opposing City Prints' filing of the First Amended Complaint in its Opposition are new to City Prints. Jeong Declaration at ¶ 3. Shosho never asked to review City Prints' First Amended Complaint (Docket No. 18, 3:15-16), never mentioned that City Prints' motion is untimely (Docket No. 18, 3:18-20), and did not tell City Prints' counsel about the potential conflict of interest arising from representing Ross (Docket No. 18, 3:25-27). *Id.* Not only were these grounds never mentioned during the Parties' meet and confer, but they are also wholly inadequate to defeat City Prints' instant Motion. *Id.* Thus, under L.R. 7-3 and also

under 28 U.S.C. Section 1927, which provides courts with broad authority to impose sanctions, $4,000 in sanctions must be imposed against Shosho for attorneys' fees and costs associated with filing this Motion.

## IV. CONCLUSION

      Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff's leave to file their First Amended Complaint, which has been lodged concurrently with its Motion for Leave to File First Amended Complaint.

Dated: May 9, 2016

Respectfully submitted,

                          **JEONG & LIKENS, L.C.**

                          /s/*Chan Yong Jeong*

                          Chan Yong Jeong
                          Attorney for Plaintiff, City Prints, LLC